WILL OF MEYER: FLITTNER, Executrix, Appellant, vs. GRAF and another, Respondents.

*April 7—May 3, 1921.*

*Wills: Cancellation of debt as bequest: Subsequent change in form of debt: Effect.*

> Where testatrix entered into a contract with her daughter and son-in-law to sell them a lot on monthly instalments, and later executed her will bequeathing said lot to them absolutely on her death and directing that no further payment be required on said contract, and thereafter she deeded the lot to them and took a mortgage to secure the unpaid balance, the deed and mortgage did not operate as a revocation of the will, but the will operated upon the mortgage indebtedness, made a bequest of it, and vested absolute title to the lot in the daughter and her husband on the death of testatrix.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to construe a will.   In 1906 testatrix entered into a land contract with her daughter and her son-in-law for the sale of a certain lot.   Payments of $22 per month were

thereafter made as provided for in the contract up to March 7, 1917, when she executed a deed to them and took a mortgage for the balance due with interest at five per cent. On March 8, 1916, she executed her will, the fifth paragraph of which read:

"I herewith give, devise and bequeath unto my daughter, *Adela Graf,* and her husband, *Charles Graf,* in jointure, the following described real estate [describing the lot], which real estate I have heretofore sold under land contract unto my said daughter and her husband, and I direct that no further payment shall be required from them on said land contract, and the title to said real estate shall be vested in said parties absolutely upon my death."

Testatrix died March 12, 1917.

The trial court found that the execution of the deed and mortgage on March 7, 1917, did not revoke the clause of the will quoted and that the mortgage was canceled by virtue of the bequest in the will and the grantees took absolute title to the lot.

From a judgment entered accordingly the executrix, *Wilhelmine Flittner,* a sister of *Adela Graf,* appealed.

*George J. Graebner* of Milwaukee, for the appellant.

*Emil J. Ludwig* of Milwaukee, for the respondents.

Vinje, J. The evidence is lacking as to the age of testatrix and is indefinite as to the total value of the estate left by her. She specifically directed that a grandson and two of her sons should take nothing under the will. To the executrix she devised a lot in Milwaukee and she also made her the residuary legatee. Her household furniture and wearing apparel she gave in equal parts to her two daughters named. It appears that she was on good terms with both daughters and with her son-in-law, *Charles Graf,* who visited her frequently in her last sickness. She was cared for by the executrix, who lived with her, and from the nature and duration of her sickness it is probable that she did not

expect to recover at the time she executed the deed, though she was then not considered *in extremis.*

It is the contention of the executrix that the execution of the deed and the taking of a mortgage to secure the unpaid balance operated as a revocation of the fifth paragraph of the will because, since the latter takes effect at death only, the subject matter of the paragraph had been so dealt with between the execution of the will and her death that there was nothing upon which the will could operate when it took effect.

We regard this contention ill-founded.  So far as paragraph 5 is concerned the dominant purpose of the testatrix was (a) to pass title to the lot to her daughter and her husband, (b) to bequeath to them whatever sum was due on the land contract at the time of her death, and (c) to retain the value of the contract during her life.  By the deed and mortgage she conveyed the title, but she left unchanged the bequest of what was due, and she retained the value of the new contract during her life.  The will operated upon the indebtedness evidenced by the mortgage and made a bequest of it.  The fact that it was secured by a mortgage instead of by a land contract is quite immaterial.  As a prudent person, she desired to have both the principal and interest of the indebtedness for her use if necessary.  When she no longer needed either, that is, upon her death, both principal and interest then due were to become a bequest to the purchasers.  This construction we deem is required by the transactions themselves, and harmonizes with the situation and relation of testatrix to those she intended to be the objects of her bounty.  It is not probable that she intended to be less generous to the purchasers, her daughter and son-in-law, by changing from a land contract to a deed and mortgage.  Indeed the contrary is more probable.  She wanted to vest them with title before she died so there could

be no failure of title in them. She no doubt believed the will according to its provisions would cancel the debt when she died. Had she thought differently the will would have been changed to correspond with the intended change in the bequest to them.

*By the Court.*—Judgment affirmed.