WILL OF MANN: GALLUN, Executor, Appellant, vs. WOLFF, Respondent.

*November 10—December 5, 1922.*

*Wills: Construction: Devise of mortgaged lands: Conveyance before death.*

A testator devised his interest in mortgaged property to his sister, who was his co-tenant, and the will directed the executor, if any part of the mortgage remained unpaid at the time of testator's death, to pay it "whether owing by me or by my said sister, it being my intention that my said sister shall receive title to said property free and clear of said

mortgage," and provided that "if I shall have disposed of my interest . . . prior to the time of my death, then and in that event such devise of my interest in said property shall lapse and this paragraph of my will shall be of no further effect." The will is. construed to charge the general estate with the debt, notwithstanding testator subsequently conveyed his interest to his sister by deed reciting that the property was free from incumbrance except the mortgage, which the grantee "hereby assumes and agrees to pay when due as a part of the consideration hereof."

APPEAL from a judgment of the county court of Milwaukee county: JOHN C. KAREL, Judge. *Affirmed.*

The will of Franklin P. Mann, duly admitted to probate by the county court of Milwaukee county, contained this provision:

"I give, devise, and bequeath unto my sister, *Frances Mann Wolff,* in addition to the legacy given in the last preceding paragraph, the property owned by her and by me, which said property is situated at Third and Wright streets in the city of Milwaukee, and which said property is now subject to a mortgage on which there remains unpaid the sum of $20,000 principal; if any part of the principal of said mortgage shall remain unpaid at the time of my death, I direct my executor hereinafter named to pay the entire balance of such unpaid principal (whether owing by me or by my said sister), it being my intention that my said sister shall receive title to said property free and clear of said mortgage. If I shall have disposed of my interest in said property prior to the time of my death, then and in that event such devise of my interest in said property shall lapse and this paragraph of my will shall be of no further effect."

The will was dated December 11, 1918. On April 10, 1920, the said testator by warranty deed conveyed his interest in and to said premises to said *Frances Mann Wolff,* said deed reciting that said premises were free and clear of incumbrances "except that certain mortgage of $20,000 . . . which said mortgage said second party, *Frances Mann Wolff,* hereby assumes and agrees to pay when due as a part of the consideration hereof." ·

The executor of the will made application to the county court for a construction of paragraph 5, above quoted. The court by its judgment construed this provision of the will as a valid direction charging the principal of said mortgage upon the general assets of the estate of said Franklin P. Mann, deceased. From such judgment the executor brings this appeal.

For the appellant there was a brief by *Austin, Fehr, Mueller & Gehrz,* attorneys, and a separate brief by *William C. Quarles,* guardian *ad litem,* with *Howard T. Foulkes,* of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Arthur A. Mueller* and *Mr. Foulkes.*

*Paul D. Carpenter* of Milwaukee, for the respondent.

A brief was also filed in support of the respondent by *Otto A. Lemke* (attorney for *Alfred Mann*) and *Melville H. Sell,* of counsel, both of Milwaukee.

OWEN, J. The occasion calling for a construction of the will arises from the fact that subsequent to the execution thereof and prior to his death the testator by warranty deed conveyed his interest in the property devised, to his sister, devisee mentioned in the will. It is argued that this conveyance constituted a disposition of his interest in the property prior to the time of his death, and that under the provision found in the last sentence of the paragraph set forth in the statement of facts the devise lapsed and that paragraph of the will became of no further effect. We have little difficulty in reaching the conclusion that the judgment of the county court should be affirmed. It will be noted that in the paragraph under consideration the testator expressly declares his intention that "my said sister shall receive title to said property free and clear of said mortgage." It was intended that title should be vested through the instrumentality of the will. However, the testator saw fit to vest title in the devisee by the execution of the warranty deed prior to his death. This was not in contraven-

tion of the devise. It was in furtherance of it. It merely accomplished before testator's death what the will would have accomplished at his death. The transaction is quite similar to that involved in *Will of Meyer*, 174 Wis. 178, 182 N. W. 727, where the testatrix, after entering into a contract with her daughter and son-in-law to sell them a lot on monthly instalments, executed a will devising said lot to them absolutely on her death and directing that no further payment be required on said contract, and there-after deeded the lot to them and took a mortgage to secure the unpaid balance. It was held that the deed and mortgage did not operate as a revocation of the will, but the will operated upon the mortgage indebtedness, made a bequest of it, and vested absolute title to the lot in the daughter and her husband upon the death of testatrix.

In the instant case the deed operated to vest title in the devisee and thereby *pro tanto* carried out the purpose of the testator. However, his purpose was not thereby wholly accomplished. It was his declared intention that the dev-isee should receive title to said property free and clear of said mortgage upon his death, and to that end the will directed his executor to pay the entire balance of such un-paid principal "whether owing by me or by my said sister." The expression "whether owing by me or by my said sister" indicates an assumption on the part of the testator that the situation then existing by which the mortgage con-stituted a joint obligation of himself and sister might be changed before his death so that it would be owing by either him or his said sister. His intention was, however, that, whether owing by him or his sister, it should be paid out of his estate so that his sister would be vested with title to the property free and clear from said mortgage.

The expression "If I shall have disposed of my interest in said property prior to the time of my death, then and in that event such devise of my interest in said property shall lapse and this paragraph of my will shall be of no further

effect," evidently contemplated a disposition which was repugnant to the devise, a disposition to a third party, making it impossible for the devise to operate.

*By the Court.*—Judgment affirmed.