82 So.2d 876 (1955)
Sigmund EISENSCHENK and wife, Anna Eisenschenk, Appellants,
v.
A.E. FOWLER, Executor of the Estate of Andrew Pappert, Deceased, Appellee.
Supreme Court of Florida. Division B.
October 19, 1955.
*877 J. Hal Connor, Jr., and Paul Ritter, Winter Haven, for appellants.
Roy Summerlin and Summerlin & Summerlin, Winter Haven, for appellee.
THOMAS, Justice.
From the abbreviated record sent to this court under the provisions of Sec. 59.16, Florida Statutes 1953, and F.S.A., we take the facts relevant to the question presented
Andrew Pappert executed a will 22 February 1953 devising to the appellants, nephew and niece of his deceased wife, a house in Chicago valued, according to the will, at approximately $15,000. In a codicil executed a few days later he confirmed the devise and named additional residuary legatees. Later, 13 August 1953, Pappert and the appellants entered into a contract for the sale of the property by him to them for $10,000, payable $1000 in cash and the remainder in monthly installments, with interest of four per cent. It was provided in the contract that the seller would deliver a deed in exchange for the buyers' mortgage securing the unpaid balance of the purchase price. The stipulation does not inform us whether or not the exchange was made. Four months after the contract was executed Pappert died. At that time $8,600 of the purchase price had not been paid.
The appellants brought a suit against the executor and asked the court to declare whether or not they were entitled to the real property under the will. Of course, a decree in their favor would result in relieving them from further payments under the contract, or upon the mortgage. The chancellor, as the county judge had done upon a petition earlier presented to him by the executor, held that the appellants did not take the realty under the will and were obligated to pay the balance of the purchase price.
At the time the will took effect, upon the death of the testator, his interest in the property had been transformed from that of fee simple owner to that of vendor under a contract or, in the event the deed and mortgage were exchanged, mortgagee. We, too, think that such conversion amounted to ademption. True, the testator did not wholly dispose of the property by conveying it to a stranger but he so altered the status of it as to indicate a change of his intention. See In re Cooper's Estate, 95 N.J. Eq. 210, 123 A. 45, 30 A.L.R. 673; *878 Blaisdell v. Coe, 83 N.H. 167, 139 A. 758, 65 A.L.R. 626.
It seems to have been the common law rule in England that an alteration of the estate devised would work a revocation of the will to that extent except "`* * * in the case of mortgages and charges on the estate, which are only a revocation in equity pro tanto, or quoad the special purpose, and they are taken out of the general rule on the fact of being securities only * * *.'" In re Sprague's Estate, 125 Mich. 357, 84 N.W. 293, 295.
We need not, in this case, consider the exception to the rule.
The appellants contend that the rule is inapplicable here because the sale was made to the devisees instead of third parties and, in this circumstance, the devise should effect a cancellation of the debt due on the contract at the time of testator's death. They are not without apparent support of their position. In a case recently decided by the Supreme Court of Pennsylvania, In re Dublin's Estate, 375 Pa. 599, 101 A.2d 731, it was held that a devise of realty was not adeemed when the testatrix subsequently agreed to sell the devised property. The court based the decision of the controversy on the law of New Jersey, inasmuch as the property in question was located there. Restatement, Conflict of Laws, Sec. 249, comment (c). But this and other cases relied on by appellants are distinguishable on the facts, or the terms of the will. Cf. In re Meyer's Will, 174 Wis. 178, 182 N.W. 727.
The prime concern in determining whether or not an ademption resulted in the instant case is the familiar rule governing construction of wills, namely that the court should determine what the testator intended by what he did. As the author of the opinion in Donath v. Shaw, 132 N.J. Eq. 545, 29 A.2d 555, 559, wrote, "the question of ademption is a question of intention." This decision was cited in In re Dublin's Estate, supra. See also Trotter v. Van Pelt, 144 Fla. 517, 198 So. 215, 131 A.L.R. 1018; Hurt v. Davidson, 130 Fla. 822, 178 So. 556. We think the rule may be applied here although the courts are not in unanimous agreement that ademption is a matter of testatorial intention, and clearly it could not apply to all cases because ademption may result from destruction or extinction of the subject matter in circumstances wholly unconnected with intention of the testator.
We do not indulge in a discussion of the distinction between ademption and revocation of so much of a will as related to a specific devise, Redfearn, Wills and Administration of Estates in Florida, 2nd Ed. 222, for we have the view that under the circumstances peculiar to this case, the two rules so nearly blend that there is no occasion to distinguish, and that the underlying principle of intention is common to both.
So we come to the problem here: What did Pappert intend? Obviously, he originally meant that upon his death the appellants should have the Chicago property, all of it, the legal and equitable title. Then, without a subsequent change of his will, he transformed the status of the property by making himself the holder of the bare legal title and a vendor's lien, or the holder of a mortgage.
In Illinois, where the land in question was situated, the common law rule is evidently recognized and the conveyance of realty previously devised amounts to an ademption, Meily v. Knox, 269 Ill. 463, 110 N.E. 56; Oglesby v. Springfield Marine Bank, 395 Ill. 37, 69 N.E.2d 269, and so far as we are advised the rule has not been abrogated by statute in that State. Nor, in our opinion, has the rule been nullified in Florida, although the appellants urge that Secs. 731.05 and 731.21 brought about this result. The effect of a statute abrogating the common law in this respect is discussed in Scarbrough v. Scarbrough, 176 Ala. 141, 57 So. 820; Lewis v. Thompson, 142 Ohio St. 338, 52 N.E.2d 331.
We conclude that the intention of the testator manifested by this action subsequent to execution of the will was as effective in defeating the appellants of their *879 claim to a credit for the remaining installments on the contract, or mortgage, as if he had conveyed to a third person, so we decide that the decree should be 
Affirmed.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.