In the Matter of the ESTATE OF Paul Chesley BROWN, a/k/a Paul C. Brown, a/k/a Paul Brown, Deceased.

Mary G. BROWN, Claimant–Appellee,

v.

COLORADO SPRINGS NATIONAL BANK n/k/a United Bank of Colorado Springs, Personal Representative–Appellant.

No. 86CA1739.

Colorado Court of Appeals, Div. V.

Aug. 4, 1988.

Rehearing Denied Sept. 1, 1988.

Certiorari Denied Nov. 14, 1988.

Patrick W. Buckingham, Colorado Springs, for claimant-appellee.

Strand, Meadows and Webb, Edwin Strand, Colorado Springs, for personal representative-appellant.

VAN CISE, Judge.

Colorado Springs National Bank appeals from the order of the district court sitting in probate that the decedent's residuary estate should pay the encumbrances on three properties that passed to decedent's wife. We affirm.

The decedent's will devised to his wife, Mary G. Brown, all right, title, and interest to four specific real properties. The paragraph immediately following these bequests provides:

"It is my desire that all of the above bequests be conveyed free and clear of all encumbrances, and should there be any encumbrances thereon at the time of my death, I direct my Executor to pay off the same from the rest, residue and remainder of my estate."

The bank, as personal representative, argues that the above provision was not operative with respect to three of the above specified properties because those properties were held by decedent and his wife as joint tenants with right of survivorship or as tenants by the entireties. The bank essentially argues that the decedent did not intend the exoneration provision to be operative unless the properties passed under his will. We disagree.

The intent of a testator as clearly expressed in the will controls the disposition of the estate. Section 15–11–603, C.R. S. (1987 Repl.Vol. 6B). All the provisions of a will must be given effect if possible. *In re Trust under Will of Killin,* 703 P.2d 1323 (Colo.App.1985). If from the will itself it affirmatively appears that the testator intended real estate devised to go to the devisee free of any existing liens or charges, then the estate should be drawn upon to clear the property. *See Ambrose v. Singleton,* 144 Colo. 303, 356 P.2d 253 (1960).

Here, the dominant purpose of the testator with respect to the properties in question was that title to the properties would pass to his wife, free of all encumbrances. Although title to three of the properties passed outside the will, nonetheless the testator's intention that the encumbrances be paid from the residuary estate is clear and, in effect, constitutes a separate devise to his wife. *See In re Mann's Will,* 179 Wis. 66, 190 N.W. 830 (1922).

The order is affirmed and the cause is remanded for further proceedings consistent with this opinion.

PLANK and FISCHBACH, JJ., concur.