PERRY W. HAYS, G. F. BOBBITT, and J. B. VINSON, as Trustees of the Highland Avenue Methodist Episcopal Church, South, of Tampa, Florida, *et al.,* v. CORA JONES, *et al.*

164 So. 841.

Opinion Filed December 26, 1935.

*D. C. McMullen,* for Appellants;

*Hill & Hill* and *Taliaferro, Morris & Carter,* for Appellees.

WHITFIELD, C. J.—This appeal is from an order sustaining a motion to dismiss a bill of complaint brought to secure an accounting and for the payment of legacies made by a joint will of Henry W. Pitcher and Cornelia J. Pitcher, husband and wife, both being now deceased, the question being whether an assignment by the husband to the wife of his property after making the joint will, renders the joint will ineffectual as against the legatees of the wife who survived her husband and disposed of all the property by her will.

The bill of complaint alleges:

"That on and for many years prior to the second day of September, A. D. 1919, Henry W. Pitcher and Cornelia J. Pitcher were husband and wife and residents of the City of Tampa, County of Hillsborough and State of Florida; that the said Henry W. Pitcher was possessed of an estate consisting of cash, notes, mortgages, and household effects, and they owned their home as tenants by the entirety, the said Cornelia J. Pitcher owning no separate property of any appreciable value; that prior to the date aforesaid, they had discussed the execution of a joint and mutual will and, having previously agreed upon the terms thereof, on the said date in pursuance of said agreement, did execute such joint and mutual Last Will and Testament, a copy of which is hereto attached and marked Exhibit 'A' and prayed to be taken as a part hereof."

The joint will contains the following:

"We desire to give, devise and bequeath as follows: The survivor shall have, absolutely and in fee simple, all of the property and estate of every nature and character,

wherever located, of the one whose death shall first occur. After the death of the survivor, it is the desire of each of us to give, devise and bequeath, out of the estate left after such survivor's death, to certain persons and institutions herein named, the respective amounts hereinafter mentioned, provided such remaining estate be sufficient to pay same; if not sufficient to pay such amounts in full, then such gifts shall be paid such proportion of such remainder as the respective amounts bear to the remainder. I, the said Henry W. Pitcher, give to the following persons and institutions the respective amounts below mentioned."

Here follows a list of the legatees and the amounts bequeathed by the husband, Henry W. Pitcher. Then the joint will continues:

"And I, the said Cornelia J. Pitcher, give to the following persons and institutions the respective amounts below mentioned."

Here follows a list of the legatees and of the bequests of the wife, Cornelia J. Pitcher. The joint will then continues:

"The rest, residue and remainder of the estates herein mentioned and contemplated, after the death of the survivor and the payment of costs of administration and the above gifts and legacies, we desire to give, devise and bequeath as follows:

"To the persons and institutions hereinabove mentioned that part of such remainder of estate proportionate to the respective amounts hereinabove mentioned and set forth.

"We hereby authorize and empower our executor, to be hereinafter named, to sell and convey all real estate and personal property necessary to be done in order to wind up the estate.

"A list of all property and estate which we or either of us own and the addresses of all persons mentioned herein will be found accompanying this Will.

"We hereby nominate and appoint W. T. Martin, of Tampa, Florida, as our executor for the purposes of putting into effect the above, our joint Last Will and Testament."

The Joint Will is dated September 2nd, 1919.

By a codicil to the joint will, dated December 8, 1920, a bequest by the husband to one person was changed to two other persons.

The bill of complaint alleges:

"That on June 21, 1922, the said Henry W. Pitcher, being afflicted with an incurable disease and realizing that death was impending, in order to facilitate the administration of the property held in his name, made an assignment of certain property held in his name to the said Cornelia J. Pitcher, but with no intention of affecting or revoking any of the provisions of the said joint and mutual Last Will and Testament. * * *"

The assignment is as follows:

"KNOW ALL MEN BY THESE PRESENTS: That I, Henry W. Pitcher, being sometimes known as H. W. Pitcher, party of the first part, for and in consideration of the sum of one ($1.00) Dollar and other valuable considerations, lawful money of the United States, to me in hand paid by Cornelia J. Pitcher, party of the second part, on or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold, assigned, transferred and delivered to the said party of the second part the following mortgages and mortgage indebtedness, respectively recorded in the office of the Clerk of the Circuit Court in and for Hillsborough County, Florida, and particularly described as follows:"

Here follows a list of mortgages.

"Together with the notes or other evidences of indebtedness secured by said mortgages, respectively, and all moneys secured by said respective mortgage, due or to become due, whether of principal or interest, and all right, title, interest and claim of every nature I have or may have in and to the said mortgages and notes and each of them.

"For and in consideration of the consideration hereinabove stated, I have granted, bargained, sold, assigned, transferred and delivered to the said second party, that certain note given me by George W. Norvelle, secured by mortgage, and dated October 20, 1916, for the principal amount of three hundred ($300) dollars, due one year after date, and bearing interest at the rate of eight per cent. per annum, together with any other note and mortgages, and notes secured thereby, held by me, and any and all moneys on deposit in any bank in the City of Tampa, whether in checking account or savings department, and all other personal property which I may own or to which I may be entitled wherever situated or located."

Henry W. Pitcher died August 7, 1922.

The bill of complaint alleges:

"That after the death of the said Henry W. Pitcher on, to-wit, the 2nd day of September, A. D. 1926, the said Cornelia J. Pitcher, being then very old and infirm, about the age of eighty-six years, made and executed a purported Last Will and Testament, a copy of which is hereto attached and marked Exhibit "D," and prayed to be taken as a part hereof; * * *."

"That on the 15th day of November, A. D. 1934, the defendant, First National Bank of Tampa, as Executor, probated the said purported Last Will and Testament and three codicils of the said Cornelia J. Pitcher and had letters

testamentary issued thereon to it, the First National Bank of Tampa; that the said First National Bank of Tampa, as such Executor, has taken possession of the entire estate left by the said Cornelia F. Pitcher, amounting to approximately Fourteen Thousand ($14,000.00) Dollars and is proceeding to administer the same, that said estate so taken possession of by the said First National Bank of Tampa, as such Executor, is what remains of the estate to be disposed of by the said joint and mutual Last Will and Testament of the said Henry W. Pitcher and the said Cornelia J. Pitcher hereinbefore referred to, or the proceeds thereof.

"That the said joint and mutual Last Will and Testament constitutes a contract between the said Henry W. Pitcher and Cornelia J. Pitcher, and the beneficiaries therein named, and that the said Henry W. Pitcher did not revoke the same during his lifetime or intend to revoke it, but recognized it as being in full force and effect; that the said First National Bank of Tampa, as such Executor, and the beneficiaries named in the said purported Last Will and Testament of Cornelia J. Pitcher, hold the said property in trust for the beneficiaries under the said joint and mutual Last Will and Testament, and plaintiffs are entitled to have specific performance of the said joint and mutual Last Will and Testament."

The will of Cornelia J. Pitcher makes specific bequests to named legatees and contains the following:

"Item XVIII.—All the rest and residue of my estate, real, personal and mixed, wheresoever situate, of which I may die siezed and possessed, shall be sold by my executor and the proceeds of such sale divided among the beneficiaries of my estate named above, their proportionate share of such residuum to be determined on the basis of the

relation of the individual bequests to the total bequests made above.

"I nominate, constitute and appoint the First National Bank of Tampa, as the executor of my last will and testament, and I give unto my said executor full power and authority to convey real estate by deed in fee simple, to sell and transfer personal property by bill of sale and delivery, both conveyances to be for cash or on such terms as my executor may in the full exercise of its discretion deem best, and I further give unto my said executor full power and authority in the administration of my estate to do all things else which in its discretion may be deemed necessary or expedient, all of its said acts to be performed without petition to or order of any Court."

Cornelia J. Pitcher made several codicils to her will not necessary to be stated, as the will otherwise remained.

The appellants state the questions presented to be:

"*Question No.* 1: Where a husband and wife have an estate practically all of which stands in his name, except the home, which is held as tenants by entirety, and they make a joint will giving the estate to the survivor, but with clear provision as to the disposal of the remainder of the estate after the death of the survivor, and the husband in contemplation of impending death, to facilitate the administration of the property, but with no intention of affecting or revoking the will, makes an assignment of it to his wife, can the wife, after the death of the husband, ignore the provisions of the joint will and by her separate will dispose of the remainder of the estate contrary to the provisions of the joint will?

"*Answer by the Court*: Yes.

"*Question No.* 2: Is the joint will and testament of an aged husband and wife disposing of the remainder of a joint

estate after the death of the survivor, enforceable as a contract by the beneficiaries of the joint will and testament against the executor of the will of the surviving spouse and the beneficiaries thereunder as to such remainder?

"*Answer by the Court*: No."

The appellees state the questions as:

"*Question No.* 1: Does not the disposition of all the assets of a decedent prior to his death as a matter of law operate as a revocation of a prior executed will?

"The Court correctly answered 'yes.'

"*Question No.* 2: Can a married woman enter into a contract with her husband, binding herself as to the disposition of her property by will?

"The Court correctly answered, 'No.'"

It is contended for the appellants that when Mr. Pitcher died, Mrs. Pitcher "took the property subject to the trust imposed by the joint will."

This contention is not supported by the terms of the joint will, and is negatived by the subsequent assignment by the husband of his property to his wife who apparently acquiesced in the assignment.

The joint will, dated September 2, 1919, provides:

"It is our desire that the just debts, if any there be, shall be paid by the survivor as soon as can conveniently be done after the decease of the one of us owing same. As to our worldly estate, and all the property—real, personal and mixed—of which we or either of us may die seized or possessed or entitled to *or* interest in, we desire to give, devise and bequeath as follows:

"The survivor shall have, absolutely and in fee simple, all of the property and estate of every nature and character, wherever located, of the one whose death shall first occur.

"After the death of the survivor, it is the desire of each of us to give, devise and bequeath, out of the estate left after such survivor's death, to certain persons and institutions, herein named, the respective amounts hereinafter mentioned, provided such remaining estate be sufficient to pay same; if not sufficient to pay such amounts in full, then such gifts shall be paid such proportion of such remainder as the respective amounts bear to the remainder."

The assignment covenanted that Henry W. Pitcher "granted, bargained, sold, assigned, transferred and delivered" to his wife, Cornelia J. Pitcher, particularly described property "together with any other note and mortgages, and notes secured thereby, held by me, and any and all moneys on deposit in any bank in the City of Tampa, whether in checking account or savings department, and all other personal property which I may own or to which I may be entitled wherever situated or located."

The bill of complaint alleges:

"That * * * on the 21st day of June, A. D. 1922, the said Henry W. Pitcher, being afflicted with an incurable disease and realizing that death was impending, in order to facilitate the administration of the property held in his name, made an assignment of certain property held in his name to the said Cornelia J. Pitcher, but with no intention of affecting or revoking any of the provisions of the said joint and mutual Last Will and Testament, * * *."

And "That the said joint and mutual Last Will and Testament constitutes a contract between the said Henry W. Pitcher and Cornelia J. Pitcher, and the beneficiaries therein named, and that the said Henry W. Pitcher did not revoke the same during his lifetime or intend to revoke it, but recognized it as being in full force and effect; * * *."

Such quoted allegations as to the joint will constituting a contract and as to the intent of the husband in making the assignment are not supported by the terms of the joint will and of the subsequent assignment.

The joint will provided that:

"The survivor shall have, absolutely and in fee simple, all of the property and estate of every nature and character, wherever located, of the one whose death shall first occur."

The succeeding provision that: "After the death of the survivor, it is the desire of each of us to give, devise and bequeath, out of the estate left after such survivor's death, to certain persons and institutions, herein named, the respective amounts hereinafter mentioned, provided such remaining estate be sufficient to pay same," etc., does not constitute a contract between the husband and wife and does not create a trust in favor of the beneficiaries named in the husband's bequests; and the subsequent assignment by the husband to the wife of his property covered by the joint will left no property of his upon which his bequests in the joint will could operate. If the homestead was held by the entireties it passed to the surviving wife and was not affected by the will.

There is no allegation that the wife accepted the assignment of the husband's property charged with a trust in favor of the beneficiaries named by him in the joint will. The joint will expresses a mutual *desire* to make designated bequests to be effective "after the death of the survivor"; but the husband subsequently assigned his property to his wife without qualifications as to bequests, trusts or otherwise. This made the joint will inoperative.

Counsel for appellants states in his brief that:

"Before the assignment the legal title was in Mr. Pitcher subject to the terms of the will; after the assignment the

legal title was in Mrs. Pitcher subject to the terms of the will."

Whatever may have been the status of the title to the property before the assignment, it became the property of Mrs. Pitcher by virtue of the covenant of assignment, which was absolute to her.

The allegation that the assignment was made "with no intention of affecting or revoking any of the provisions of the said joint and mutual last will and testament," is not supported by the terms of the written assignment or in any other way. It is therefore an allegation on an unsupported conclusion not admitted by the motion to dismiss the bill of complaint.

The joint will is not shown to be a "contract for testamentary disposal of the property" as contended. No express or necessarily implied promise is involved.

Affirmed.

ELLIS, P. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.