JOSEPHINE HURT, *et vir,* v. A. J. DAVIDSON

178 So. 556.
Division A.
Opinion Filed December 16, 1937.
Rehearing Denied February 15, 1938.

*Leitner & Leitner,* for Appellants;

W. W. WHITEHURST, for Appellee.

BUFORD, J.—A. J. Davidson filed bill of complaint against Josephine Hurt and her husband, Everett Hurt, the purpose of which was to have construed the will of Josie M. Davidson, deceased, and to clear the title to certain property in the complainant. The will was attached to and made a part of the bill of complaint. The will contained bequests

mentioned in 34 items. The will was executed on November 8, 1915.

Item 4 of the will was in the following language:

"I give and bequeath my niece and (namesake) Josephine May, my house and lot in Bowling Green, Florida, with all its furnishings."

This is the clause in the will which made the suit necessary.

There appears attached to the will as of May 11th, 1926, what was intended to be a codicil but it was not signed by Josie M. Davidson.

Item 34 of the will was as follows:

"I give and bequeath to my nephew, P. D. Powers, my stock in the Alkhorn Coal Mines. All the rest of the estate that is left after all necessary expenses are paid, if any is left, I wish my brother to have."

This item is important because it bequeaths the residuary estate, if any. The bill of complaint, however, shows that the only brother of Josie M. Davidson was William Martin Vaughn who was living at the date of the execution of the will, but before the death of the testatrix the said William Martin Vaughn died and the residuary devise thereby lapsed and wholly failed.

It is alleged in the bill of complaint that at the time of the execution of the will the testatrix owned, and she and her husband lived in, a home on lot 18, Block 23, of the original survey of the City of Bowling Green, Florida. It is alleged that the said house and lot was the only house and lot then owned or claimed by the said testatrix in the City of Bowling Green, at the time of the execution of said will, and was the property specifically referred to in the will. That subsequent to the execution of the will Josie M. Davidson and her husband conveyed the said lot 18 in

Block 23, *supra,* and thereafter Josie M. Davidson purchased lots 15 and 16 of Block 14 of the original survey of the Town of Bowling Green from one Victor Gentile and received a deed conveying title to the property to her. That there was situated on the said two lots a dwelling house into which the said Josie M. Davidson and her husband moved and lived after the sale of lot 18 in Block 23, *supra.* That Josie M. Davidson in the month of May, 1926, died and the complainant has continued to live in the house on lots 15 and 16, *supra.*

The complainant claims to have the fee simple title to the property as the sole heir at law of Josie M. Davidson, deceased.

Motion to dismiss the bill of complaint was denied. From that order Josephine Hurt and her husband, Everett Hurt, took appeal.

It is too well settled to require any citation of authorities that in the event of the death of a residuary legatee prior to the death of a testator the residuary devise fails and the testator will be held to have died intestate as to such property.

So it is that if Item 4 of the will did not bequeath lots 15 and 16 in Block 14 to Josephine May, it was not specifically bequeathed by any item in the will and was included in the general residuary bequest to testatrix's brother and upon his predeceasing the testatrix the devise failed and it became a part of property of her estate undisposed of by will.

At the time the will was made the allegations of the bill of complaint show that the item described as "my house and lot in Bowling Green, Florida" was the house and lot known as lot 18 in Block 23, *supra.*

The decree of the Chancellor was as follows:

"This cause came on to be heard on Motion to Dismiss

the amended bill of complaint in this cause, and the court having heard and considered the argument of counsel on the said motion is of the opinion that the amended bill of complaint sets forth sufficient facts to show that the provisions of item 4 of the Will of Josie Davidson referred to in the bill of complaint and the Motion to Dismiss constitutes a specific devise of property in the City of Bowling Green which was sold and conveyed by the Testatrix in her lifetime and the Court considers that this resulted in an ademption of the said specific devise and completely revoked item 4 of the said will. It is the opinion of the court that the property described in the bill of complaint which was subsequently acquired by the Testatrix, although it may have constituted the homestead of the said Testatrix, cannot be construed to relate to the provisions of the will. It follows that the motion should be denied, and it is so ordered."

While a will becomes effective at the death of a testator the description of property specificially bequeathed must be applied to property as of the date of the will and item 4 bequeaths specific property. See Girard v. Philadelphia, 2 Wall. Jr., 301, Fed. Case No. 5469; Meador v. Sorsby, 2 Ala. 712, 36 Am. Dec. 432; Atwood v. Beck, 21 Ala. 590; Brewster v. McCall, 15 Conn. 274; Frazier v. Boggs, 37 Fla. 307, 20 Sou. 245. While this is true, by Section 3594 R. G. S., 5459 C. G. L., it is provided:

"Every general or residuary devise or bequest in a will shall be construed to apply to the property owned by the testator at the time of his death, unless restricted in the will to that owned by him at the time of the execution of the will."

It, therefore, follows that while a specific bequest of described property will apply to the property as it was described at the time of the execution of the will, a general

residuary bequest will apply to any property not otherwise disposed of in the will which was owned by the testator at the time of his death.

So it is that all of testatrix's property was disposed of by will except for the fact, as heretofore stated, that the residuary bequest failed because of the death of the devisee.

For this reason, there is no necessity to discuss the presumption that by making the will the testatrix did not intend to die intestate as to any part of her property. The very language of the will shows that she did intend to die testate of all of her property but later events made the effectiveness of the will to carry out the intent futile.

It appears to us that it is not necessary to go beyond the decisions of this Court to affirm the order of the Chancellor. A parallel case is that of Perkins v. O'Donald, 77 Fla. 710 and 727, 82 Sou. 401. In that case it was said:

"The third item is the one specifically under which the plaintiff, Mrs. O'Donald, claims. We quote it here in full: 'Item 3: I do give, devise and bequeath unto Mrs. C. O'Donald of Pablo Beach, Florida, the east half of Lot 1, Block Twenty-two (22), with the house thereon at North Pablo Beach, Florida, to have and to hold the said described house and lot with its appurtenances and belongings unto the said Mrs. C. O'Donald, her heirs and assigns, in fee simple absolute.' In item four she devised to Miss Taylor the west half of the same lot. In item five devised the 'rest and residue' of her estate, 'both real and personal and mixed; wheresoever situate' to certain persons in trust for the purposes set forth in the will. Under the persons claiming title under this last clause the defendant claims the right of possession to the lot involved in this litigation.

"The will was dated February 17, 1913. On the 26th day of December following Mrs. Marshall made a codicil

in which she recited that having theretofore during the month of February, 1913, made a will and being 'desirous of altering and changing the said will,' she made the codicil, the first three paragraphs of which are as follows:

" 'Two-thirds (2/3) of all my property, real, personal and mixed, I give outright to my nephew Winfred John Foss, to do with as he sees fit, having implicit confidence in his judgment and discretion and knowing that he will do with this property as is best;

" 'As to the remaining one-third (1/3) of all my property, any specific devises or bequests of property not included in the property left in trust by my said will, I do hereby affirm and desire and ordain that they be carried out as set forth in said will.

" 'But with the exception of any such specific devises or bequests, I desire and ordain that any and all of the remainder of this one-third (1/3) of my property be left in trust to the said Trustees of my will to be disposed of in the following manner:' "

Further in the opinion it was said:

"According to a map of Pablo Beach contained in the record, Lot 1, Block 22, North Pablo Beach, is located on Dickerson Avenue, while Lot 1, Block 21, North Pablo Beach, is located on Willard Avenue, one street north. Lot 1, Block 22, North Pablo Beach, is the lot described in the will. The plaintiff undertook to show by evidence introduced at the trial that Mrs. Marshall did not own Lot 1, Block 22, North Pablo Beach, or any other property in North Pablo Beach except Lot 1, Block 21, although it appeared that she owned Lots 3, 4 and 5, Block 22, South Pablo Beach. Pablo Beach is the name of the town. The north section of the town is that portion of it lying north of the railroad, or a certain row of lots, the other section of the town is that portion lying to the south of the railroad,

or row of lots, and the lots and blocks in each subdivision of the town in many cases are designated by the same numbers, one being designated from the other by the words 'north' and 'south.' Now there is no ambiguity whatsoever in the language contained in Item 3 of the will, either as to the devisee, the property described or the estate devised. It is only when facts *aliunde* the will are considered that any ambiguity exists. If Mrs. Marshall had owned at the time of her death Lot 1, Block 22, North Pablo Beach, there would be no question that it would have passed under the will to Mrs. O'Donald, assuming that our Statute of Wills, Section 2271, General Statutes, 1906, includes specific as well as general devises. And this is true even though Mrs. Marshall had also owned Lot 1, Block 21, in the same section of the town. If she had owned both lots at the time she made her will and afterward sold the one described in item three and retained the other, would a question have arisen in that case as to whether the devise to Mrs. O'Donald had failed? Even in such case, whether the English Statute of 34 and 35 Hen. VIII, or Section 2271, General Statutes of Florida, 1906, applied, the subsequent sale of the lot devised would have shown an intention to annul the devise so that Mrs. O'Donald would have taken nothing under that clause of the will. If the E½ of Lot 1, Block 22, had been acquired by testatrix after she made her will Mrs. O'Donald would have taken that lot, assuming that Section 2271, General Statutes of Florida, 1906, applies. But in that case, would Miss Taylor, to whom was devised the W½ of Lot 1, Block 22, have taken the west half of some other lot owned by the testatrix in North Pablo Beach if she did not at the time of her death own the half of the lot devised to Miss Taylor?"

And further in the same opinion it was said:

"But it 'has been established as what must now (1873) by reason of its antiquity, and of the observance which has been paid to it in many subsequent cases, be regarded as an axiom, that when a devise is made in terms which describe and apply specifically to a definite subject, the operation of that devise cannot be extended beyond the *very terms.* in which it is expressed nor can extrinsic evidence be resorted to for the purpose of showing that something different from the description was intended by the testator.' Whitfield v. Langdale, L. R. 1 Chan. Div. 61."

See also Hayes, *et al.,* v. Jones, *et al.,* 122 Fla. 67, 164 Sou. 841.

According to the allegations of the bill of complaint, there was no ambiguity as to the property which was intended to be conveyed by item 4 of the will and when that property was sold and conveyed by the testatrix subsequent to the execution of the will there was nothing left in the property of the testatrix to which that item of the will could apply. See 68 C. J. 483; Dunlap v. Hart, 204 S. W. 525, 274 Mo. 600, 3 A. L. R. 1493; Hayes, *et al.,* v. Jones, *et al., supra.*

In Redfearn's "Wills and Administration of Estates in Florida" 209, paragraph 142, that eminent writer says:

"The ademption of a legacy or devise exists where the testator, during his life, after making his will, delivers or conveys the property bequeathed or devised to the legatee or devise and does not afterwards become possessed of the the legacy or devise given. Ademption also exists where the testator conveys to another person the specific legacy or devise and does not afterwards become possessed of the same, or where he otherwise places it out of the power of the executor to deliver or convey the legacy or devise to the beneficiary. Ademption may refer either to devises of land or to bequests of personalty. Ademption is different from revocation in that, if the testator conveys the property but

again acquires it before his death, the legacy or devise is not adeemed; if a devise is revoked by a testator, a new will or codicil will be necessary to reinstate it.

"Strictly speaking, ademption refers only to specific legacies or devises. If a specific thing is given in a will and then later conveyed by the testator, an ademption takes place."

So the order appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.