HOBSON, Judge.
This is the second appearance of this cause in this court. The first appearance is reported in 181 So.2d 682, wherein this court reversed an order dismissing the complaint of Peter Craig Forbes with prejudice. The facts that are set forth in the prior opinion will not be repeated herein.
Upon remand to the lower court, a final decree was entered which is the subject of this appeal. Said final decree reads as follows:
“This cause coming on for hearing after due notice to the parties, by and through their respective counsel of record, upon the amended complaint of plaintiff, the answers of certain defendants and the other pleadings and files in this cause including the opinion and decision of the District Court of Appeal of the Second District of Florida reported in 181 So.2d 682, the stipulations of the parties and the evidence offered to the Court, and the Court being fully advised in the premises, the Court does hereby find as follows:
“FIRST: This Court construes the above opinion and decision of 'the Appellate Court as holding:
(a) That plaintiff, in any event, is entitled to recover only such portion, if any, of the proceeds of the guardian’s sale as has not been used for the benefit of the testatrix (incompetent) and can be traced.
(b) That, in order to have any recovery of any part of the proceeds of sale, the burden is upon plaintiff to show and prove:
(1) That the testatrix was incompetent at the time of the sale and said incompetency continued until her death.
(2) That at least a portion (showing what amount or portion of said proceeds of sale was not used for the benefit of testatrix and can be traced.
“SECOND: That plaintiff has met the burden as to item (1) just above but has not met the burden as to item (2), that is, the plaintiff has not traced any portion of said proceeds of sale, and has not shown what, if any, amount or portion of the proceeds was not used for the benefit of testatrix; that plaintiff is, accordingly not entitled to recover.
*672 “IT IS THEREUPON ORDERED, ADJUDGED AND DECREED that said amended complaint and this cause be and the same are hereby dismissed with prejudice at cost of plaintiff.”
The trial court construed our opinion in 181 So.2d 682 as holding that in order for the plaintiff to prevail the proceeds of the sale of the incompetent’s home, or at least a portion thereof, must be traced by him and it must also be shown by him what, if any, portion of the proceeds was not used for the benefit of the incompetent.
While there is some language in our prior opinion as to the necessity of tracing the proceeds and showing that they have not been expended for the benefit of the incompetent, this language is mere dicta. In the prior case the appellees contesting the plaintiff’s right to the proceeds of the sale, namely Gordon and Sumner Forbes, contended that the devise of the home to the plaintiff adeemed when the property was sold to the hospital and changed its identity from real property to money, therefore relying on the “identity rule” as opposed to the “intention rule”. Our sole holding in the prior case was that the “intention rule” rather than the “identity rule” prevails under the particular facts alleged in the complaint.
Under the facts as shown by the record-on-appeal, to deny the plaintiff the right to the proceeds of the sale would in effect allow the guardian of an incompetent to possess the power of destruction of the intention of the testatrix-incompetent.
The record-on-appeal shows that the guardian deposited the proceeds of the sale with other funds in a guardianship checking account in the Palmer First National Bank & Trust Company of Sarasota. This account on January 1, 1963 had a balance of $1,717.11. On December 26, 1963, the incompetent passed away and on December 31, 1963, the said checking account was completely exhausted with some overdraft.
The guardian in obtaining an order from the county judge authorizing the sale of the incompetent’s home set forth the reason for requesting the sale as follows:
“ * * * the incompetent is failing quite rapidly, both mentally and physically, and petitioner (guardian) deems it in the best interest of said incompetent to place her in a nursing home ifs * * 99
At no time did the guardian feel that the proceeds of the sale were necessary for the maintenance or needs of the incompetent.
In fact, the record-on-appeal shows the following income and disbursements in the guardianship:
Year Cash Receipts Disbursements
1959 $90,142.55 $66,734.74
1960 74,693.29 55,840.62
1961 68,202.42 48,268.73
1962 72,657.80 65,390.19
1963 113,170.38 91,153.95
Included in the disbursements set forth above, the guardian made gifts and donations in the following amounts:
Year Total Amount of Gifts
1959 $13,816.75
1960 13,481.10
1961 11,473.80
1962 4,966.80
1963 3,496.20
It is quite clear that the $12,000 proceeds of the sale was never necessary for the maintenance, support or needs of the incompetent.
In addition, the record discloses that the guardian opened seven separate savings accounts with income to the guardianship and that subsequently these funds *673 were withdrawn and invested in government bonds. The record further shows that at the death of the incompetent there was $65,419.46 invested in bonds.
From this record it is quite clear that 1) the proceeds of the sale of the property in the sum of $12,000 were never needed for the maintenance, support or needs of the incompetent; 2) that if the income to the guardianship not used for the maintenance, support or needs of the incompetent had been kept in the guardianship account, the balance would never have been below $12,000; and 3) that the mere acts of the guardian, if we held that the proceeds must be traced, would defeat the intentions of the testatrix-incompetent.
Moreover, those appellees who are the residuary legatees are not prejudiced by appellant receiving, the $12,000, as they would not have received any part of the property devised to the appellant had it passed under the will. In fact, under the final decree appealed they would receive $12,000 more than the testatrix-incompetent intended.
In accordance with our opinion in Forbes v. Burket, Fla.App.1966, 181 So.2d 682, and the cases cited therein, we hold that where there exists the following: 1) a testator, after providing in a will for specific property to be devised on his death, is declared incompetent; 2) a guardian is appointed, who petitions the proper court and is granted authority to sell the property that was devised; 3) thereafter, without regaining competency the testator dies; 4) the proceeds of the sale of the property were not necessary for the maintenance, care or needs of the testator during his incompetency in that other sufficient income was available for such needs; and 5) at the time of the death of the testator there are more funds available in the estate than the proceeds from the sale; then the intention of the testator for the devisee to have the property should be carried out and the amount of the proceeds of the sale of the property paid over to the devisee without the necessity of tracing said proceeds.
Reversed and remanded for the entry of a final decree in accordance herewith.
LILES, C. J., and SMITH, CULVER, Associate Judge, concur.