RAWLS, Acting Chief Judge.
The primary issue in this cause is the construction of certain provisions of the last will and testament of Maurine Dallas Watkins. The administrator ad litem for the estate of Georgia M. Watkins, the deceased mother of testatrix, appeals from an order of the trial court holding that the controverted provisions of the will did not alter the intent of the testatrix to bequeath certain stock to her mother.
Maurine Dallas Watkins, the testatrix, executed her last will and testament on September 2, 1955, naming numerous universities and other centers of religious and classical language education as the main recipients of the $1,000,000 plus fortune which she had amassed from a lifetime of investing in the stock market. Excerpts from the provisions of testatrix’s last will and testament which give rise to this controversy are as follows:
“HI
“I hereby give and bequeath to my mother, Georgia M. Watkins, should she sur *587 vive me by sixty (60) days and otherwise the gift shall lapse, one-third (value to be taken in cash, in kind, or partly in each) of any preferred stocks in my probate estate; . . .
“VI
“Should my probate estate contain — and otherwise such gift shall lapse — any of the following, I hereby give and bequeath, subject to the accompanying stipulations :
“C. Shares of Amerada Oil to the Trustees of the American School of Classical Studies at Athens (chartered under the laws of the commonwealth of Massachusetts)— . . . ”
Testatrix died on August 18, 1969, and an inventory of her estate revealed that she was possessed of 400 shares of common stock in Amerada Petroleum Corporation, which she had purchased during a period of time spanning 1956 to 1963. Shortly before testatrix’s death, on June 20, 1969, Amerada Petroleum Corporation merged with Hess Oil & Chemical Corporation forming the Amerada Hess Corporation. From the date of the merger, each share of Amerada was converted into one share of $3.50 cumulative convertible, preferred stock, of Amerada Hess Corporation. One year after the merger, the stockholder had the option of converting the 400 shares preferred stock to common stock of Amerada Hess. Testatrix died prior to the expiration of the year and, thus, the preferred stock certificates issued by Amerada Hess had not been converted into common stock.
Appellant’s primary point is that under the clear language of the cited portions of Testatrix’s will, the portion of stock should pass to testatrix’s mother’s estate pursuant to provisions of paragraph III. We agree.
This extensive record reflects that testatrix was a well educated lady, a sophisticated investor who was knowledgeable as to the disposition of her estate upon her death. The subject will was prepared by testatrix in her own handwriting and it is clearly demonstrated from the record that she recognized the legal status of corporate mergers. As reflected above, she gave to her mother a one-third value of any preferred stock in her probate estate providing the mother survived her by sixty (60) days. Her mother did survive her by sixty (60) days and testatrix’s probate estate, upon her death, was possessed of 400 shares of Amerada Hess Corporation preferred stock. Thus, the clear provisions of paragraph III vested one-third of the value of such preferred stocks in her mother. As to the provisions of paragraph VI C. granting to the Trustees of the American School of Classical Studies shares of Amerada Oil, the clear provisions of the will again control. The estate did not possess any shares of Amerada Oil and, therefore, no shares were available for this specific bequest to pass to the Trustees of the American School of Classical Studies. The trial judge erroneously concluded that the change in the stock was a matter of form only and that testatrix intended to bequeath same to the Trustees of the American School of Classical Studies. We hold that the clear language contained in testatrix’s will must prevail.
The judgment appealed is reversed.
WIGGINTON, J., and POWELL, GIL-LIS E., Associate Judge, concur.