284 So.2d 679 (1973)
In re ESTATE OF Maurine Dallas WATKINS, Deceased.
TRUSTEES OF the AMERICAN SCHOOL OF CLASSICAL STUDIES AT ATHENS, Petitioner,
v.
William T. ROGERS, As Administrator Ad Litem for the Estate of Georgia M. Watkins, Deceased, et al., Respondents.
No. 43748.
Supreme Court of Florida.
October 10, 1973.
Rehearing Denied November 30, 1973.
*680 Marion R. Shepard, Jacksonville, for petitioner.
Stephen D. Busey of Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, for respondents.
ERVIN, Justice.
This is a conflict certiorari review of the decision of the District Court of Appeal, First District, in In Re Estate of Maurine Dallas Watkins, Deceased, 274 So.2d 586.
This case involves the construction of the will of Maurine Dallas Watkins, testatrix. She left the bulk of her estate to various religious, charitable, and educational institutions.
By Clause VI of the will the testatrix directed:
"VI. Should my probate estate contain  and otherwise such gift shall lapse  any of the following, I hereby give and bequeath, subject to the accompanying stipulations:
* * *
"C. Shares of Amerada Oil to the Trustees of the American School of Classical Studies at Athens (chartered under the laws of the Commonwealth of Massachusetts)  such shares, or the proceeds therefrom, to be held in trust in conjunction with any other funds received by reason of my death and, at the discretion of the Trustees, accumulated or expended from income or principal * * * etc."
At her death on August 18, 1969, testatrix's estate included certificates for 400 shares of Amerada Petroleum Corporation stock. All parties to this litigation stipulated that testatrix in using the words Amerada Oil meant Amerada Petroleum Corporation. However, on June 20, 1969, prior to testatrix's death, Amerada Petroleum Corporation and Hess Oil and Chemical Corporation merged forming Amerada Hess Corporation. On the merger Amerada shares were converted into $3.50 cumulative convertible preferred shares of the new corporation, being convertible into common stock one year after the merger.
Testatrix's will provided in Clause III:
"III. I hereby give and bequeath to my mother, Georgia M. Watkins, should she survive me by sixty (60) days and otherwise the gift shall lapse, one-third (value to be taken in cash, in kind, or partly in each) of any preferred stocks in my probate estate; * * * etc"
Testatrix's executor, The Florida National Bank of Jacksonville, petitioned the probate Court of Duval County, Florida, for construction of the will to determine whether the Amerada-Hess stock passed to the Trustees of the American School under Clause VI, C, or to the estate of testatrix's mother, who had died more than 60 days after testatrix's death.
After a trial of the issue the Probate Court ruled as follows:
"* * * The Court further finds that the description in the first part of Paragraph III of the will, `any preferred stocks in my probate estate', is less descriptive than the description in Paragraph VI, subparagraph C. of Paragraph VI in preference to its disposal as preferred stocks in Paragraph III, * * *
"* * * The Court further finds that the testatrix during her lifetime had not disposed of the original shares of Amerada Oil but still held these in her possession at the time of her death, even though the reorganization or consolidation of the said companies had taken place a short time prior to her death. The Court finds that the change was a change of form and not a change of substance and that it was the true intent of the testatrix to convey any and all shares that she had in Amerada Oil *681 Company or its successor to the Trustees of the American School of Classical Studies at Athens. * * *
"* * * The Court finds, since we must look into the guiding star of intent of the testatrix, that we must be mindful that the intent of the testatrix to dispose of the asset represented by the certificate of Amerada Oil representing common stocks held by her at that time and continuing to be held by her at the time of her death. The Court finds that the change was a change of form and not of substance and that the true asset intended to be disposed of by the testatrix was the stock then represented by the certificate for shares of Amerada Common stock subsequently converted by the merger of the companies to preferred stock of Amerada Hess, all without participation of the testatrix, and that the asset still remained at the time of death and passes under the will as a specific devise of the property represented by the certificate held at the time of death. * * *"
The District Court reversed. It said at 274 So.2d 586:
"... Thus, the clear provisions of paragraph III [Clause III] vested one-third of the value of such preferred stocks in her mother. As to the provisions of paragraph VI C. granting to the Trustees of the American School of Classical Studies shares of Amerada Oil, the clear provisions of the will again control. The estate did not possess any shares of Amerada Oil and, therefore, no shares were available for this specific bequest to pass to the Trustees of the American School of Classical Studies. The trial judge erroneously concluded that the change in the stock was a matter of form only and that testatrix intended to bequeath same to the Trustees of the American School of Classical Studies. We hold that the clear language contained in testatrix's will must prevail."
Petitioner contends the District Court decision conflicts with In Re Vail's Estate (Fla.), 67 So.2d 665; Eisenschenk v. Fowler (Fla.), 82 So.2d 876, and Forbes v. Burket (DCA2d), 208 So.2d 670. We agree.
This Court in In Re Vail's Estate held:
"... In Hurt v. Davidson, 130 Fla. 822, 178 So. 556, 557, we said that `while a will becomes effective at the death of a testator, the description of property specifically bequeathed must be applied to property as of the date of the will * * *.'
* * * * * *
"... That a stock split-up is a mere change in form and not in substance, and that additional shares so acquired pass under a specific bequest of the original shares, is too well settled for contradiction... .
"[4] A specific bequest of stock also generally carries with it, for the same reasons, the results of corporate reorganizations, mergers, dissolutions, and other corporate structural alterations when the interest represented by the bequest can be traced through succeeding transactions... ."
We agree with Petitioner that when there is no act on the part of a testator manifesting a change of intent, there is no ademption of the property bequested if it is in existence or can be traced.
We conclude there was no basis in law for the District Court to reach a different conclusion from the finding and judgment of the probate judge. We agree with the latter that no act of the testatrix manifesting a change of intent occurred in this case.
The decision of the District Court is quashed with direction that the judgment of the Probate Court be reinstated.
It is so ordered.
CARLTON, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.