## In re COLE'S ESTATE.
No. 76 289 CP 06.

Circuit Court, Palm Beach County.

August 20, 1976.

James Nemec, West Palm Beach, for the executor.

David W. Cunningham, Winter Park, for Mr. and Mrs. Conkling.

Jackson & Jackson, Palm Beach, for Eugene E. Hutton, Jr.

E. HARRIS DREW, Acting Circuit Judge.

The questions posed for decision here and the facts and circumstances giving rise to such questions are succinctly set forth in the *petition for the determination of distribution and priorities* filed in this cause on June 18, 1976. All interested parties have filed answers or responses to the allegations of said petition. The cause has been orally argued before the court by all counsel except Mr. Cunningham, and the court has duly considered the memoranda of authorities filed in said cause by respective counsel.

The following are the pertinent portions of the petition referred to above —

I. That Section 733.603 provides that the Personal Representative shall proceed expeditiously with the settlement and distribution of the decedent's estate and, except as otherwise specified by the Code or ordered by the Court, shall do so without adjudictation, order or direction of the Court.

However, the Personal Representative may invoke the jurisdiction of the court to resolve judicial questions concerning the estate or its administration. In the present case, your Personal Representative does herewith invoke the jurisdiction of the court to resolve the following questions:

1. The decedent's Will as executed by her on May 18, 1973 devised the home and contents to Elizabeth Cook Conkling and her husband, Charles Conkling. Thereafter, NEVA H. COLE was adjudged incompetent and it became necessary to place her in a nursing home and to sell the home and contents for her care and maintenance. At that time the stock market was depressed but the real estate market was very good, which was the reason the real property was sold rather than the stocks.

2. Prior to January 1, 1976, it would appear that if the subject matter of a specific devise was not in the estate at the time of the decedent's death, the specific devise would fail and the devisee would take nothing. However, Section 732.606 of our Florida Probate Code, which became effective January 1, 1976, provides that if specifically devised property is sold by a guardian of the property for the care and maintenance of the ward, the specific devisee has a right to a general pecuniary devise equal to the net sale price. This matter is further complicated by Section 731.011 of the Code, which provides effective January 1, 1976, that the substantive rights of all persons that have vested prior to January 1, 1976 shall be determined as provided in former Chapters 731-737 and 744- 746 as they existed prior to January 1, 1976 and that the procedures for enforcement of substantive rights that have vested before January 1, 1976 shall be as provided in this Code.

3. Therefore, in view of such apparent uncertainties the question is presented to the court as follows:

a. Whether Elizabeth Cook Conkling and her husband, Charles Conkling, take nothing resulting from the sale of the house in view of the fact that the said house had been sold and disposed of at the time of the death of NEVA H. COLE, or whether Elizabeth Cook Conkling and her husband, Charles Conkling, are entitled to take from the estate the net proceeds from the sale of the said real property and its contents.

4. To arrive at the net proceeds, attached hereto is a copy of the Seller's Closing Statement. In connection with said sale, the house also had to be chemically treated by Tomasello, Inc. at a cost of $300. Furthermore, what portion of the overall fee as paid to the guardian of the property and what part of the fee as paid to the attorney in connection with the sale of said property, should be deducted from the sale of the property to arrive at the net sale thereof?

II. The next question to be determined is the disposition of the Ashland Oil stock. In paragraph "Fourth" of the Will, the

Ashland Oil Stock was bequeathed to Jane Cole Cook (a relative by marriage) or in the event she predeceased NEVA H. COLE then to Jane Cole Cook's lineal descendants. Since Jane Cole Cook did predecease NEVA H. COLE, should this stock be distributed to the two surviving daughters of Jane Cole Cook; namely, Elizabeth Cook Conkling and Patricia Cook Price?

III. In paragraph "Eighth" of the Will, the residue was devised to NEVA H. COLE'S half-brother, Eugene E. Hutton, Jr., and Jane Cole Cook (relative only by marriage) in equal shares. It appears that our Probate Code (Section 732.603) provides that when a devisee who is not blood kindred fails to survive the Testator, then the devise shall lapse, unless an intention to substitute another in his or her place appears in the Will. Furthermore, Section 732.604 provides that if the residue is devised to two or more persons and the share of one of the residuary devisees fails for any reason, his or her share passes to the other residuary devisee.

Since Jane Cole Cook did predecease NEVA H. COLE, the question is whether the devise to Jane Cole Cook shall lapse and whether or not her share shall pass to the other residuary devisee, Eugene E. Hutton, Jr.

IV. Therefore, it is respectfully requested of the court to make a determination of the above questions as set forth herein so that your Personal Representative can proceed with the distribution and administration of said estate.

### WAS THE SPECIFIC BEQUEST TO ELIZABETH COOK CONKLING AND CHARLES CONKLING ADEEMED WHEN THE PROPERTY WAS SOLD BY THE GUARDIAN?

The deceased, Neva H. Cole, died February 20, 1976 subsequent to the effective date of the new Probate Act. The new Probate Act, §732.606, provides in part as follows —

> "(1) If specifically devised property is sold by a guardian of the property for the care and maintenance of the ward, . . . the specific devisee has the right to a general pecuniary devise equal to the net sale price, . . . ."

§731.011 of the Probate Code provides that the substantive rights of all persons that have vested prior to January 1, 1976 shall be determined as provided in the previous Probate Act as they existed prior to January 1, 1976, and that the procedures for enforcement of substantive rights that have vested before January 1, 1976 shall be as provided in the new code. It is the court's view that the limitations concerning the applicability of the Probate Act above quoted should be construed broadly not only to

carry into effect the obvious legislative intent, but to prevent, as stated by Judge Hobson in the *Forbes* case in 208 So.2d, "the guardian of an incompetent [from being able to] destroy the intention of the testatrix-incompetent," such intention being the polar star to be followed in the interpretation of wills. The provisions of the code above quoted were obviously incorporated in it by virtue of the confusion in the law not only of this but of other states with regard to ademption. An examination of the decision of the Second District Court and the extended discussion of the question therein in the *Forbes* cases (181 So.2d 682 - 208 So.2d 670) clearly demonstrates the necessity and the desirability of a statute of the nature heretofore quoted. While the authorities differ on the question, it is my view that this statute is controlling in this instance, the testator having died subsequent to the effective date of the new Probate Code. See Chapter 3, particularly paragraphs 3.1 through 3.12, *Page on Wills,* Bowe-Parker Revision.

Applying this Act to the question here presented, Elizabeth Cook Conkling and her husband are entitled to receive from the estate a sum of money equal to the net sales price of the property bequeathed to them and sold by the guardian as provided in §732.606, less $300 paid Tomasello. No part of attorneys' fees or guardian's fees shall be deducted.

If my conclusion as to the applicability of §732.606 to the situation here presented is erroneous, it is my view that under the previous decisions of the Supreme Court and District Courts of Appeal, and particularly the last appearance of Forbes vs. Burket in the District Court of Appeal, 208 So.2d 670, Elizabeth Cook Conkling and her husband are entitled to receive the net proceeds arising out of the sale of the property mentioned in the petition. In *Burket,* the District Court said —

"In accordance with our opinion in Forbes v. Burket, Fla. App. 1966, 181 So.2d 682, and the cases cited therein, we hold that where there exists the following: 1) a testator, after providing in a will for specific property to be devised on his death, is declared incompetent; 2) a guardian is appointed, who petitions the proper court and is granted authority to sell the property that was devised; 3) thereafter, without regaining competency the testator dies; 4) the proceeds of the sale of the property were not necessary for the maintenance, care or needs of the testator during his incompetency in that other sufficient income was available for such needs; and 5) at the time of the death of the testator there are more funds available in the estate than the proceeds from the sale; then the intention of the testator for the devisee to have the property should be carried out and the amount of the proceeds of the sale of the property paid over to the devisee without the necessity of tracing said proceeds."

158

This is the proverbial red cow case, and in my judgment is controlling here even in the absence of §732.606, F.S.A., supra. Also, see the order of Judge James R. Knott of this court heretofore entered in the estate of Mabel M. Krantz, deceased, No. 75-1465 CP 06, May 21, 1976, reaching the same conclusion.

### ASHLAND OIL STOCK

Turning to the second question posed it is my view that inasmuch as Jane Cole Cook predeceased the testator and left two issue surviving, such issue are entitled to receive the Ashland Oil Stock (see §731.20 of the old Probate Code; §732.603(2) of the new Probate Code).

### WHO RECEIVES THE RESIDUARY ESTATE?

Jane Cole Cook was related by marriage to the deceased. She was not a blood relative. When a devisee who is not a blood relative of the deceased fails to survive the testator, the devise lapses unless an intention to substitute another in his or her place appears in the will. The will here makes no provision for another. In view of this fact, and in the light of §732.604 of the Probate Code, it is my view, and I so hold, such residuary bequest to Jane Cole Cook lapses, and Eugene E. Hutton, Jr. is entitled to take the residuary estate less the amount necessary to pay to Elizabeth Cook Conkling and her husband, Charles Conkling, a sum equal to the net sales price of the property bequeathed to them.