PER CURIAM.
The appellant and her late husband entered into a joint Will in 1950, which provided as follows:
“IN THE NAME OF GOD. AMEN
“We, D. B. Sutton and Sarah B. Sutton, husband and wife, of Miami, Dade County, Florida, being each of sound mind and memory, and mindful of the uncertainty of human life, so hereby make, publish and declare this, our conjoint Last Will and Testament, hereby revoking all former wills or codicils and other Ike papers of similar import or intent, by either of us heretofore made and executed.
“FIRST: The said D. B. Sutton does hereby will and direct that there first be paid out of his estate his funeral expenses and the expenses of his last illness, with all his just debts and liabilities, and thereafter does hereby will, devise and bequeath to his said wife, Sarah B. Sutton (should she survive him) all the rest and residue of his estate, of whatever nature and wherever situated. The said D. B. Sutton does hereby appoint the said Sarah B. Sutton, sole executrix of this his last will and testament, and directs that no other bond or other like undertaking be required of her as such executrix.
“SECOND: Likewise, the said Sarah B. Sutton does hereby will and direct that there first be paid out of her estate, her funeral expenses, the expenses of her last illness and all her just debts and liabilities. All the rest and residue of her estate, of whatever nature and wherever situated, the said Sarah B. Sutton does hereby devise and bequeath to her said husband, D. B. Suton, (should he survive her), and does hereby appoint the said D. B. Sutton as sole executor of this her last will and testament, and directs that no bond or other like undertaking be required of him as such executor.
“THIRD: Both parties to this conjoint last will and testament hereby jointly and severally agree not to sell, encumber or otherwise hypothecate or dispose of any property or estate now held or owned by either, without the written consent of the other party, it being the mutual desire and will of both parties to this indenbture [sic] to hold all property now owned or hereafter acquired by either for the use and benefit of their natural offsprings, Martha Louise and Virginia, their children both to the union of the parties hereto.
“FOURTH: In the event of the simultaneous death of both parties hereto, resulting from any accident or otherwise, then each of them constitute and appoint *427 their older daughter, Martha Louise Oswald as sole executrix of this our Last Will and Testament, and we do each jointly and severally direct that she be not required to give bond or other like undertaking, as such executrix.
“FIFTH: Should neither of the parties hereto survive the other, then we each do hereby give, will, devise and bequeath to our said children, share and share alike, all the residue of our estates, of whatever nature and wherever situated, after the payment of all our just debts, including the expenses during our last illness with funeral charges, as hereinabove provided for. It is the intent of this Last Will and Testament, that any and all property left by either of the parties to this instrument, at the time of their death, respectively, shall be and become the property of our said children, share and share alike.
“IN WITNESS WHEREOF, the said D. B. Sutton and the said Sarah B. Sutton, have subscribed their names hereto on this 31st day of October, 1950, in Miami, Dade County, Florida.
“/s/ D. B. Sutton (Seal)
“/s/ Sarah B. Sutton (Seal)”
After the husband’s demise, the matter was probated and the appellant was made executrix and the assets of the estate were transferred to her upon the completion of the estate proceedings. Thereafter, she commenced to manage her affairs and dispose of the various properties received by her under the will.
Subsequent to the disposition of certain property in Virginia, a title problem arose and the appellee (one of two daughters of the parties referred to in the Will) was requested, along with her sister, to execute a quit claim deed. She declined to do this, contending that her mother did not have a fee simple title to the assets but only a life estate therein. A quiet title suit was brought in the foreign State, which was determined adverse to the appellee. During the pendency of that action, the instant action was commenced in Dade County by the appellee, contending that the mother only secured a life estate in the assets received under the Will, and requesting an accounting as to the assets received and disposed of thereunder. A motion to dismiss was filed, which was denied. An interlocutory appeal was taken to this court which, under the then existing appellate rules, deferred ruling until a final determination of the matter in the trial court.[1]
Thereafter, the cause came on for hearing before the trial judge who, in effect, rewrote the Will. He treated the third and fifth paragraphs of the Will as if they were ambiguous; he resolved the ambiguity by determining that the widow was to hold the property for the use and benefit of the two daughters of the marriage. However, not only did he give the mother a life estate in the property but he permitted her to dispose of same to maintain herself with court permission and directed that she give an accounting of all the assets received under the Will.
Subsequently, the interlocutory appeal was dismissed without prejudice to the point on the validity of the order denying the motion to dismiss being made upon any final appeal. Thereafter, the appellant took an appeal from the final judgment, which required her to account and which required her to get permission from the trial court before disposing of any of the other assets, contending that the trial judge erred in such ruling and that there was no ambiguity in the Will, and that the original order overruling the motion to dismiss should have been reversed.
We have examined the Will and find no ambiguity in the terms thereof. Paragraphs four and five are only operative in the event of a simultaneous death of the makers thereof (the parents of the two daughters); there was no simultaneous death. Therefore, these provisions never became operative. Hayes v. Jones, 122 Fla. 67, 164 So. 841 (1935); Simpson v. Ivey, 67 So.2d 687 (Fla.1953); 35 Fla.Jur., Wills, § 295; 80 Am.Jur.2d, Wills, § 1393. Para *428 graph three was merely an agreement during their lifetime for joint ownership and control of their property, regardless of when or how acquired or titled during the marriage. The remaining provisions of the Will having bequeathed and devised all the property to the survivor of the marriage (the appellant), the trial court was in error in the first instance in denying the motion to dismiss.
We have examined the testimony and evidence before the trial judge and find that even if the Will was ambiguous, which we do not agree as indicated above, the trial judge (under the evidence before him) erred in altering the terms of the Will because it is clear, outside the four corners of the Will, that it was the intent of the appellant and her husband that whoever survived the other upon the dissolution of their marriage by death would receive all the assets or property interest held by the deceased.
Therefore, for the reasons above stated, the final judgment under review be and the same is hereby reversed with directions to dismiss the complaint and cause of action at the cost of the original plaintiff.
Reversed and remanded, with directions.

. Florida Appellate Rule 4.2f (1962 revision as amended 1968).