## SCHWAB v. ALLEN.
### Civ. A. No. 434.

District Court, M. D. Georgia, Macon Division.
May 13, 1948.

Smith, Kilpatrick, Cody, Rogers & McClatchby, of Atlanta (M. E. Kilpatrick, of Atlanta, Ga., of counsel), for plaintiff.

Jno. P. Cowart, U. S. Atty., and T. Reese Watkins, Asst. U. S. Atty., both of Macon, Ga., Theron Lamar Caudle, Asst. Atty. Gen. Washington, D. C., Andrew D. Sharpe and Robert R. Reynolds, Jr., Sp. Assts. to Atty. Gen., for defendant.

DAVIS, District Judge.

1. Plaintiff is the duly qualified and acting executor of the estate of Otto Schwab, who died February 23, 1943.

2. The defendant is the Collector of Internal Revenue for the District of Georgia.

3. On September 27, 1945, the Commissioner of Internal Revenue, in a ninety-day letter addressed to plaintiff, determined an estate tax deficiency for the estate of Otto Schwab in the amount of $17,105.58. This determination was based upon the following findings by the Commissioner:

(a) That Otto Schwab at the date of his death held a "power of appointment" within the meaning of Section 811(f) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, § 811(f), such power being created under the will of Otto Schwab's wife, Ida Schwab, and that, therefore, the entire estate of Mrs. Schwab, of a value of $63,849.-28 at Otto Schwab's death, was includible in the gross taxable estate of Otto Schwab;

(b) That four separate gifts, each of 150 shares of Common Stock of Southern Spring Bed Company, made by Otto

Schwab, December 7, 1942, of a total value at his death of $11,550.00, were includible within the gross taxable estate of Otto Schwab as gifts made in contemplation of death.

4. On November 6, 1945, plaintiff paid to the defendant the sum of $16,688.45 of the tax as stated in the said deficiency letter (the sum of $417.13 by the plaintiff having been paid to the State of Georgia), and the plaintiff also on November 6, 1945, paid to the defendant $1,454.63, representing interest on the tax that day paid to the defendant.

5. On January 8, 1946, plaintiff filed with the defendant a claim for refund seeking the recovery of the tax deficiency and interest paid the defendant on November 6, 1945. Said claim for refund was filed more than six months prior to the filing of this suit.

6. Ida Schwab, the wife of Otto Schwab, died November 30, 1942. Under her will, which was executed on December 9, 1940, the entire estate of Ida Schwab was left in trust with the following provisions and directions:

"(a) The entire income from my estate shall be paid to my beloved husband, Otto Schwab, during his life, with the privilege to my said husband to encroach upon the principal or corpus to such extent as in his sole judgment is necessary or desireable from the standpoint of his welfare.

"(b) At the death of my said husband, or at my death, if he predeceased me, my estate shall be divided between my two sons, as follows: Forty-five per cent (45%) to Robert W. Schwab and fifty-five per cent (55%) to Richard N. Schwab, the children of said sons of mine to take per stirpes their parent's share in the event their parent dies before such distribution.

"In explanation of this division, I want to state that my love for both of my sons is exactly the same, but due to the fact that Robert's family has already received a bequest through his wife's father, and that Robert's income is much larger than Richard's, I feel that Richard's need is greater than Robert's, and that is the sole reason for the above division of my estate."

7. The estate of Ida Schwab consisted of 3,300 shares of Southern Spring Bed Company stock and a small amount of cash, the total valuation of her estate being less than the exemption under the Federal Estate Tax Law. A part of the cash owned by Ida Schwab at the date of her death was used for her funeral expenses with the remainder of the funeral expenses being paid by Otto Schwab.

8. The total income accruing to the estate of Ida Schwab from the date of her death to February 23, 1943, when Otto Schwab died was $2,475.00, the same representing dividends on the stock owned by the estate of Mrs. Schwab, and these dividends were by the executor turned over to Otto Schwab. This is the only property of any kind received by Otto Schwab from the estate of his wife.

9. Otto Schwab, through his salary as Chairman of the Board of Directors of Southern Spring Bed Company and through dividends from his own stock and from the stock owned by his wife, enjoyed an income after the death of his wife at a rate in excess of all of his living expenses and needs of every nature, including contributions to his sisters, and there was no likelihood, considering his own income, his advanced age (86) and his simple needs, that he would ever have encroached upon the corpus of the estate of his wife for his welfare.

10. On December 7, 1942, Otto Schwab by gifts to each of his four grandchildren conveyed 150 shares of Southern Spring Bed Company stock to each, the value of the gifts being $2,700 to each grandchild. At the date of his death, the value of the stock given each grandchild was approximately $2,900.

11. The four gifts made by Otto Schwab on December 7, 1942, were made in contemplation of death.

### Conclusions of Law

1. The court has jurisdiction of the subject matter and of the parties.

2. The power of encroachment given Otto Schwab under the will of his wife is expressly within the exception enumerated in subsection (A) of Section 811(f) (2) of the Internal Revenue Code, 26 U.S.C. A.Int.Rev.Code, § 811(f) (2) (A). Otto

Schwab did not, therefore, hold a taxable "power of appointment" under the Internal Revenue Code, Section 811(f) and consequently, no part of the property of the estate of Ida Schwab is properly includible in the gross taxable estate of Otto Schwab.

■ 3. The gifts made by Otto Schwab December 7, 1942 were made in contemplation of death; and the Commissioner's action in including the value of such property in the taxable estate of Otto Schwab was, therefore, proper.

4. The action of the Commissioner of Internal Revenue in assessing a deficiency in estate taxes and the action of the defendant in collecting $15,171.62, plus interest of $1,321.91 thereon from plaintiff was contrary to law, and the plaintiff is entitled to recover said amounts with interest from November 6, 1945.