**S. M. RODGERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15175.**

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1955.

Rehearing Denied March 11, 1955.

See 220 F.2d 170.

G. W. Parker, Jr., A. E. Brooks, Stone, Agerton, Parker & Kerr, Fort Worth, Tex., Brooks & Brooks, Fort Worth, Tex., for appellant.

Karl Schmeidler, Sp. Asst. to Atty. Gen., Ellis N. Slack, Asst. Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Heard L. Floore, U. S. Atty., Ft. Worth, Tex., Hilbert P. Zarky, L. W. Post, Sp. Assts. to Atty. Gen., A. W. Christian, Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before BORAH and TUTTLE, Circuit Judges, and DAWKINS, District Judge.

TUTTLE, Circuit Judge.

Plaintiff below, appellant here, sued the United States for a refund of gift taxes. The Collector of Internal Revenue who was in office at the time of payment of the tax was no longer in office at the time of filing of this suit, and the plaintiff therefore elected to sue the

United States, which he had a right to do under the terms of the applicable statute, 28 U.S.C.A. § 1346.

The sole issue presented here is whether the trial court which tried the case on stipulated facts, without a jury, erred in finding that appellant made such a gift in 1944 of the property in question as to justify the imposition of the gift tax.

Appellant and his wife established out of their community estate in 1938, a trust for the benefit of their six children. Appellant was named trustee of this trust. The wife died on September 20, 1944, leaving a will which was duly executed and witnessed, in which appellant was named as independent executor and sole beneficiary. At the time of her death the couple owned 4480 acres of land, situated in Texas, as community property.

On December 30, 1944, appellant executed and delivered his "special warranty deed" conveying an undivided five-sixths interest in this land to himself as trustee for his five then living children under the 1938 trust, and on the same day executed and delivered a similar deed conveying an undivided one-sixth interest in this land to himself as trustee for his three grandchildren, the surviving children of a deceased son, under the 1938 trust.

Each of these deeds recited that it was made by appellant "individually and as sole devisee under the will of M. B. Rodgers (taxpayer's wife) deceased."

In a timely filed gift tax return for the year 1944, taxpayer reported the transaction. Thereafter the Commissioner of Internal Revenue determined a deficiency which taxpayer paid with interest. Subsequently, the taxpayer filed his claim for refund, asserting that his gifts in December, 1944, were gifts of only his own half interest in the land and that he had been erroneously taxed on a gift of the entire property.

The basis of appellant's claim is that no title to the half of the community property that belonged to his wife at her death passed to him by her will, since he had not offered the will for probate and that any "purported" transfer by him as "devisee" under his wife's will was abortive and a nullity. This claim was made after the expiration of four years after the death of the wife. Appellant contended that under the Texas law the will could not be probated after four years, thus effectively defeating the ripening of title in appellant as devisee.

Applicable Texas statutes relating to transfer at death [1] have the effect of vesting title to devised property immediately on death. However, it is clear that if the will is not probated within four years, the devisee may find himself with a title to property which he can never prove because of the limitation of four years applicable as to him if he voluntarily withholds probate. Long v. Shelton, Tex.Civ.App., 155 S.W. 945; Smith v. Lancaster, Tex.Civ.App., 248 S.W. 472.

The taxpayer retained possession of his wife's will and kept it in his lock box, but never had it probated. In September, 1948, more than four years after his wife's death, he executed a renunciation of interest under the will, and later executed an amplified renunciation which he filed for record with the deed records in the counties where the land lies.

The District Court entered judgment for the United States and Rodgers appealed, asserting two specifications of error. (1) That the District Court erred in holding that when appellant's wife died her undivided one-half interest in the community estate vested immediately in

---

1. Article 3314, 9A Vernon's Texas Civil Statutes provides:
"When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; * * *."

Article 3326 reads:
"No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid * * *."

the appellant, and that the deeds of appellant transferred such title within the sense of the gift law, and (2) that the District Court erred in holding that the failure of appellant to probate his wife's will, coupled with a renunciation of the property devised thereunder, constituted a transfer by gift.

We hold that the court did not err in finding that the two deeds of gift executed by appellant "individually and as sole devisee" under his wife's will constituted a gift within the meaning of the Federal Statute.[2]

Appellant contends and the Government concedes that a named beneficiary in a will may renounce any interest in the devise or bequest, and such renunciation does not constitute a transfer.[3]

The actions of the taxpayer here, however, do not amount to a renunciation. In order to prevent his acts of 1944 having the characteristics of gifts as defined in the law, he must show more than the formal execution of the renunciation documents, for the qualities of his acts were determined long before September and December, 1948.

On the event of the wife's death, if there was then in existence "a lawful will," and it is undisputed that there was, then the estate in question "immediately vest(ed) in the taxpayer." This is the literal statement of the Texas statute. Appellant contends, under the authority of Faris v. Faris, Tex.Civ.App., 138 S.W.2d 830, that vesting of title under this statute is contingent upon the lawful probate of the will.

The distinction between the Faris case, supra, and the case at bar is apparent. There the husband died, leaving a will devising all his estate to his wife. She placed the will in her lock box, where it remained until her death nineteen years later. By her will she left the community homestead of herself and her deceased husband to one of several children. He offered her will for probate, and as a muniment of title he also offered his father's will for probate. There was a situation in which the four year statute clearly came into play, since the propounder of the old will could of course not show "by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid", the only way in which the four year statute could be extended under the terms of the Texas statute. This saving clause was not available to him because, since he took by will only what his mother had, he was bound by her failure to probate the will within the statutory period. It is quite different in the case before us. Here, within the four year period, a conveyance was made in effect to a third party, the trustee of a trust for the benefit of his children. By this act he passed to the trustee also the right to offer the will for probate if such procedure was deemed necessary to perfect good record

2. 26 U.S.C.A. § 1000(a) and (b):
"(a) [Transfers subject to tax; certain gifts not affected]. For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. Gift taxes for the calendar years 1932-1939, inclusive, shall not be affected by the provisions of this chapter, but shall remain subject to the applicable provisions of the Revenue Act of 1932, except as such provisions are modified by legislation enacted subsequent to the Revenue Act of 1932.
"(b) [Method of transfer; nonresident transfers.] The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States. In the case of such a nonresident who is not engaged in business in the United States at the time of a transfer of obligations issued by the United States, the tax shall apply in respect of any such obligations only if issued on or after March 1, 1941."

3. Brown v. Routzahn, 6 Cir., 63 F.2d 914, certiorari denied 290 U.S. 641, 54 S.Ct. 60, 78 L.Ed. 557.

title under the conveyance.[4] Undoubtedly, if there had been an independent trustee of the trust, with the duty of protecting the assets of the trust estate, he would have been obliged in his fiduciary capacity to move to have the will probated, because it is clear under the Texas decisions a will cannot be proved as a muniment of title unless it is probated. Ochoa v. Miller, 59 Tex. 460, 461, Moursund v. Priess, 84 Tex. 554, 19 S.W. 775.

Here, then, we find an executed conveyance purporting to convey the property received by the will and the authority passing to the grantee to perfect the legal *record* title by offering the will for probate within the four year period. The failure of the trustee for the children to move for a probate thereafter did not in any degree change the quality of the act of the taxpayer in making the gift. The gift was complete and it was within the power of the donee to do everything necessary to perfect the record title. The fact that the trustee donee was the same person as the taxpayer, should not becloud the fact that the decision of Rodgers, trustee, not to perfect the title he had received by gift from Rodgers, devisee, under his wife's will cannot be held to detract either from the quality nor the value of the gift that Rodgers, devisee, fully intended to make and did make by executing the deeds.

We do not pass here on the status of the title to the 4480 acres of land. We do find that the conveyance of the devised land to Rodgers as trustee under circumstances that made it possible for such trustee to probate the will within the statutory period, including the statutory saving clause, constituted a gift of the land within the contemplation of the statute.

The judgment of the trial court being entirely consistent with this holding, it must be affirmed.

Affirmed.

4. Vernon's Texas Civil Statutes, Art. 3339:
"Applications for the probate of a will may be made by the testamentary executor, or by any person interested in the estate of the testator * * *." Logan

v. Thomason, 146 Tex. 37, 40–44, 202 S. W.2d 212, 215–217; Howley v. Sweeney, Tex.Civ.App., 288 S.W. 602; 68 C.J. 888–889.