Cedric TOWNSEND, Independent Executor of the Will and Estate of Maebell Musgrove, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 381.

United States District Court
E. D. Texas,
Paris Division.

May 22, 1964.

Hardy Moore, Paris, Tex., for plaintiff.

Wm. Wayne Justice, U. S. Atty., Tyler, Tex., Stanley F. Krysa, Dept. of Justice, Washington, D. C., for defendant.

SHEEHY, Chief Judge.

This is an action for the refund of estate taxes and interest thereon the Plaintiff alleges were illegally assessed against and collected from the estate of Maebell Musgrove, deceased. Most of the pertinent facts were stipulated by the parties in a Stipulation filed herein on April 25, 1964, or admitted by the pleadings of the parties. The pertinent facts are as hereinafter stated.

On May 18, 1959, J. W. Musgrove died. On May 24, 1959, Maebell Musgrove, the unmarried widow of J. W. Musgrove died. All of the property owned by J. W. Musgrove and Maebell Musgrove at the time of the death of J. W. Musgrove was community property of the said J. W. Musgrove and wife, Maebell Musgrove. On May 10, 1951, J. W. Musgrove and Maebell Musgrove executed mutual and reciprocal wills giving the survivor unlimited powers, but not testamentary, disposition. Mr. Musgrove's will provides in part:

"To my wife, MAEBELL MUSGROVE, I will, devise and bequeath all of the property and estate of which I die seized and possessed, whether real, personal or mixed, wheresoever situate and from whatsoever source obtained, for and *during her natural life*, with remainder at her death to our children, Virginia Lee Jessee, Billee Louise Smith, Mary Helen Butler, and J. W. Musgrove, Jr., equally, share and share alike, *hereby giving and granting to my wife full and unrestricted right, power and authority during her life to use, enjoy, manage, control, pledge, mortgage, sell, give*

*or otherwise dispose of, except by will, all or any portion of said property the same as though she were the owner in fee simple thereof,.* but any such property remaining on hand at my wife's death shall then vest and is hereby willed, devised and bequeathed to our said children, Virginia Lee Jessee, Billee Louise Smith, Mary Helen Butler, and J. W. Musgrove, Jr., equally, share and share alike, to be theirs absolutely and in fee simple." (Emphasis supplied)

At the time of the death of J. W. Musgrove, Maebell Musgrove was in a hospital in Dallas, Texas, seriously ill and she remained in said hospital seriously ill until her death on May 24, 1959. Up to the time of her death Mrs. Musgrove had never been legally declared incompetent by any court nor had any guardian or trustee been appointed on her behalf by any court. Up to the time of her death neither Mrs. Musgrove nor any one else had filed or offered the will of J. W. Musgrove for probate. Subsequent to the death of Mrs. Musgrove both the will of Mr. Musgrove and the will of Mrs. Musgrove were filed for probate, and by separate orders entered on June 15, 1959, the wills of Mr. and Mrs. Musgrove, respectively, were duly admitted to probate in the Probate Court of Lamar County, Texas, and,. thereupon, Cedric Townsend duly qualified as Independent Executor of the estate of J. W. Musgrove, deceased, and as Independent Executor of the estate of Maebell Musgrove, deceased.

On August 29, 1960, an estate tax return was filed on behalf of Maebell Musgrove, deceased, with the District Director of Internal Revenue, Dallas,. Texas. The one-half interest of J. W. Musgrove in the community property of Maebell Musgrove and himself was not included in said estate tax return. Subsequently, an audit was made of said return by the Internal Revenue Service, and as a result thereof, on December 28, 1962, a deficiency of estate taxes was assessed against the estate of Maebell

Musgrove in the amount of $11,541.09 plus interest up to December 28, 1962, in the amount of $1,623.34. These latter amounts totaling $13,164.43 were paid by Plaintiff on January 8, 1963. The bulk of the deficiency in estate taxes resulted in the action of the Internal Revenue Service in including in the taxable estate of Maebell Musgrove the entire net estate of J. W. Musgrove of which he died seized and possessed.

On May 28, 1963, Plaintiff duly filed a claim for refund of the deficiency in estate tax and interest thereon assessed against the estate of Maebell Musgrove, as aforesaid. Said claim for refund was disallowed by the Internal Revenue Service, and thereafter Plaintiff timely filed this suit in this Court on September 9, 1963.

The broad question presented in this case is whether the property devised and bequeathed by J. W. Musgrove to his wife, Maebell Musgrove, is includable in the latter's taxable estate under the provisions of Section 2041 of the Internal Revenue Code of 1954 (26 U.S.C.A. 2041).

Section 2041(a) (2), Internal Revenue Code of 1954, provides that the decedent's gross estate for estate tax purposes shall include the value of all property over which the decedent had at the time of his death a general power of appointment created after October 21, 1942. Subsection (a) (1) of said Section 2041 defines a "general power of appointment" as a power which is exercisable in favor of the decedent, his estate, his creditors or the creditors of his estate and provides for certain exceptions not applicable to the instant case.

There is no question but what Mr. Musgrove's will conferred upon Mrs. Musgrove with reference to the property devised and bequeathed to her in said will a general power of appointment within the meaning of said Section 2041.[1] This, the Plaintiff in his brief con-cedes. This leaves for decision the question as to whether or not Mrs. Musgrove possessed such power of appointment at the time of her death.

As the Court understands the Plaintiff's contentions, the Plaintiff contends: first, that Mrs. Musgrove did not have the power of appointment at the time of her death because she was not competent either physically or mentally to exercise such power from the date of Mr. Musgrove's death to her own death; second, that Mrs. Musgrove did not have such power of appointment at the time of her death because she had not had a reasonable time from the date of the death of her husband within which to decide whether to accept, release or renounce the power of appointment; and, third, that since the will of J. W. Musgrove had neither been probated nor offered for probate at the time of Mrs. Musgrove's death, Mrs. Musgrove did not have or possess the power of appointment conferred upon her in her husband's will at the time of her death.

Neither of Plaintiff's first two contentions has merit. While it is true that Mrs. Musgrove was in the hospital seriously ill at the time of the death of her husband and remained in such hospital seriously ill until her death six days later, and there was testimony, over the objections of the Defendant, of two lay witnesses called by Plaintiff to the effect that Mrs. Musgrove was not physically able to transact business during the period of time between the death of her husband and her death, it is not necessary for the Court to determine whether or not Mrs. Musgrove during that period of time was physically able to transact business because, if Mrs. Musgrove possessed the power of appointment at the time of her death and prior thereto, it is immaterial, under the provisions of said Section 2041(a) (2), supra, whether she was physically or mentally capable of exercising such power.[2]

---

1. Phinney v. Kay (5 Cir.) 275 F.2d 776.

2. Hurd v. Commissioner (1 Cir.) 160 F.2d 610.

■ Although said Section 2041, supra, provides for the release or renouncement of a power of appointment, there is no provision in that statute, or in any other statute, known to the Court providing that a power of appointment shall not be effective unless the person upon whom it is conferred has a reasonable time within which to renounce or release said power. Therefore, if this Court were to sustain Plaintiff's second contention it would be creating an exemption from the provisions of Section 2041(a) (2) which is not provided for by the Internal Revenue Code. That this Court does not have the power to do.

■ The Court is of the opinion and concludes that the Plaintiff's third contention should be sustained. It is clear that under the provisions of Section 2041(a) (2), supra, the property devised by Mr. Musgrove to his wife, which was covered by the power of appointment, was not to be included in the estate of Mrs. Musgrove for estate tax purposes unless Mrs. Musgrove possessed said power of appointment at the time of her death. In asserting that the power of appointment conferred upon Mrs. Musgrove in her husband's will as well as the property devised to Mrs. Musgrove in said will vested in Mrs. Musgrove immediately upon the death of Mr. Musgrove, the Defendant relies on Section 37, Probate Code, Vernon's Civil Statutes of Texas Annotated, V.A.T.S. (formerly Article 3314, Vernon's Civil Statutes of Texas, Annotated) and Rodgers v. United States (5 Cir.) 218 F.2d 760.

The pertinent provisions of Section 37 of the Probate Code of Texas, supra, are: "When a person dies, leaving a lawful will, all of his *estate* devised or bequeathed by such will shall vest immediately in the devisees or legatees; * *." (Emphasis supplied.) It is to be noted that the quoted provisions of said Section 37 apply only to the estate devised or bequeathed by a will, and it is because of and only because of said statutory provisions that the estate that Mr. Musgrove in his will devised and bequeathed to Mrs. Musgrove vested in Mrs. Musgrove immediately upon the death of Mr. Musgrove.[3] The estate devised and bequeathed by Mr. Musgrove's will to Mrs Musgrove was a life estate in all of the property, real and personal, owned by Mr. Musgrove at the time of his death, which was his one-half interest in the community property owned by Mrs. Musgrove and him at the time of his death. The fact that Mr. Musgrove conferred on Mrs. Musgrove the power of appointment in question here, i. e., the power to make such disposition as she desired, except by will, of the estate or any part thereof devised and bequeathed to her, did not of itself vest in Mrs. Musgrove any estate in the property bequeathed and devised to her. Such a power of appointment is no more than a personal privilege or a mere authority. It is not either property or a property right or interest in property. Futhermore, it is not an estate or an interest in an estate. Edds v. Mitchell (Tex.Sup.Ct.) 184 S.W. 2d 823, 825; 72 C.J.S. Powers § 1, pp. 401, 402; and 41 Am.Jur. § 2, p. 806.

Since it is clear that under the law of Texas and most other jurisdictions the power of appointment conferred upon Mrs. Musgrove in Mr. Musgrove's will did not constitute any part of the estate devised and bequeathed to Mrs. Musgrove, and since the provisions of Section 37 of the Probate Code of Texas, above quoted, apply only to the *estate* devised or bequeathed by a will, the Court finds and concludes that, because the will of Mr. Musgrove had neither been probated nor offered for probate at the time of Mrs. Musgrove's death, Mrs. Musgrove did not, at the time of her death, possess the power of appointment conferred upon her in her husband's will. Thus it follows that the Internal Revenue Service erroneously included in the tax estate of Mrs. Musgrove the entire net estate of J. W. Musgrove, of which he died seized and possessed.

3. Rodgers v. United States, supra; and Buckner Orphans Home v. Berry (Tex. Civ.App.) 332 S.W.2d 771, 775 (Writ of Error Refused, NRE).

The parties hereto agreed in a stipulation filed herein that, upon the Court reaching a decision in this case, the parties would compute the estate tax refund, if any, due the Plaintiff and submit such amount to the Court. The parties should promptly compute the amount of the refund due the Plaintiff under the findings and conclusions hereinabove made and reached and file such computation as a part of the record in this cause. Upon that being done, judgment will be entered allowing Plaintiff a recovery against the Defendant for the amount as shown by said computation with interest thereon as provided by law.

This Memorandum Decision, together with the computation of the amount of the refund due Plaintiff to be made by the parties hereto and filed herein, as above indicated, will constitute the Findings of Fact and Conclusions of Law in this cause as authorized by Rule 52, Federal Rules of Civil Procedure.