ESTATE of Kirstine Geleff BAGLEY, deceased, the First National Bank at Orlando, Executor, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 68-204-ORL-CIV.

United States District Court,
M. D. Florida,
Orlando Division.

June 17, 1970.

M. W. Wells, Jr., Maguire, Voorhis & Wells, Orlando, Fla., for plaintiff.

Donald B. Craven, Atty., Tax Division, Dept. of Justice, Washington, D. C., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for Government.

## ORDER

GEORGE C. YOUNG, District Judge.

This cause comes on before the Court on plaintiff's motion for summary judgment and defendant's cross motion for summary judgment. Briefs of counsel having been received and argument having been heard the cause is now ready for determination.

The facts of the case are briefly that Raymond and Kirstine Bagley, husband and wife, were killed in an automobile accident under such circumstances that it could not be determined which survived. Mr. Bagley's will created a testamentary trust for the benefit of Mrs. Bagley during her lifetime with a general testamentary power of appointment in Mrs. Bagley. The executor of Mrs. Bagley's estate paid the estate tax on the value of the assets in the trust and then filed a claim for refund. It is this claim that is the subject of this action.

Section 2041 of the Internal Revenue Code provides that the value of the gross estate shall include the value of all property "with respect to which the decedent *has* at the time of his death a general power of appointment" (emphasis added). It is the plaintiff's contention that because Mr. Bagley's will had not been probated she did not "have" at her death a general power of appointment.

Plaintiff relies on Townsend v. United States, 232 F.Supp. 219 (E.D.Tex.1964) for its position. In that case Texas law

provided that when a person dies leaving a will, all his estate devised or bequeathed vests immediately in the devisees or legatees. Decedent gave his wife a life estate with general power of appointment except by will. The Court there held that under Texas law a power of appointment was not an *estate* and therefore did not vest immediately upon testator's death. The wife died prior to probate of her husband's will and the Court held that the assets of the trust were not includible in her gross estate because she did not at her death possess the power of appointment.

Although the defendant contends that the *Townsend* case is erroneous, it was followed in Jenkins v. United States, 296 F.Supp. 203 (M.D.Ga.1968). In that case the beneficiary, as in *Townsend*, had a life estate with full and unlimited power to dispose during his life but with no power of appointment by will. The beneficiary died before the decedent's will was probated and the Court held that the beneficiary received no exercisable power of appointment under the will. The *Jenkins* case also holds that the decedent's will did not create a general power of appointment in the beneficiary because it did not authorize the disposition of the property by will, but only by inter vivos conveyance. For this holding *Jenkins* relies on United States v. Bank of Clarksdale, 346 F.2d 638 (5th Cir. 1965) which held that there was no general power of appointment where the beneficiary could not dispose of the property by will. This is an important distinction because unlike *Townsend*, *Jenkins* and *Clarksdale* in which the decedent did not have the power to dispose by will the beneficiary in this case had that power.

█ As recognized in United States v. Merchants National Bank of Mobile, 261 F.2d 570 (5th Cir. 1958) in order for

the mere possession of a general power of appointment to be taxable it must be exercisable at the time of the death of the donee of the power. This entire issue should be resolved by the answer to the following question:

*If Kirstine Bagley, in her will, had attempted to exercise the power left her by Raymond Bagley's will, would that exercise have been valid and effective?*

If the answer to the above question is yes, then the power was exercisable at Kirstine Bagley's death and should be included in her estate. The Estate Tax Regulations § 20.2041-1(e) state that: "A power of appointment created by will is, in general, considered as created on the date of the testator's death".

In order for property subject to a general power of appointment to qualify for the § 2056 marital deduction, the power must be "exercisable in all events". Regulation § 2056(b)-5(g) (4) in an effort to define "exercisable in all events" provides that "an interest will not be disqualified by the mere fact that, in the event the power is exercised during administration of the estate, distribution of the property to the appointee will be delayed for the period of administration."

Even though the Regulations are not binding on the taxpayer the above reasoning was adopted by the Fifth Circuit in Robertson v. United States, 310 F.2d 199 (1962) in determining whether an interest subject to a power of appointment qualified for the marital deduction. The Court said:

" * * * the widow must be able to appoint a fee simple interest in the property subject to the power, and the power must be exercisable immediately following the decedent's death. On the other hand, the fact that the appointee under the power takes subject to the executor's rights of administration does not disqualify the interest for the marital deduction."

In Silvey v. United States, 265 F.Supp. 235 (N.D.Ala.1966) an appointment was found not to qualify for the marital deduction where by the terms of the will the power was not exercisable unless the widow survived to the probate of the will. The Court found such a power was not exercisable in all events.

■ Under Florida law a will becomes effective at the date of death of the testator; Fla.Stat. § 731.05(2), F.S.A. See also Hurt v. Davidson, 130 Fla. 822, 178 So. 556 (1938). The purpose of probate is to establish the validity of the will, Fla.Juris., Wills, § 164, and it relates back to the death of testator and takes effect as of that time, 95 C.J.S. Wills § 574, 48 A.L.R. 1035.

■ This being so, an attempted exercise by Kirstine Bagley in her will of the power of appointment conferred upon her by Raymond Bagley's will would have been effective if otherwise operative. The power then was exercisable by Kirstine Bagley and should be included in her estate. It is therefore,

Ordered and adjudged that plaintiff's motion for summary judgment is hereby denied and defendant's cross motion for summary judgment is hereby granted.